Opinion Issued March 3, 2005


















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00841-CR
____________

KEVIN ANDREW OWENS, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 03CR3615
 

 
 
MEMORANDUM OPINION
          The trial court granted an order to extradite appellant, Kevin Andrew Owens,
from the State of Texas to the State of Illinois.


 In a single issue, appellant contends
that the trial court erred in granting the State’s application for extradition to the State
of Illinois. 
          We dismiss appellant’s appeal for want of jurisdiction.
Procedural Background
          In late 2003 or early 2004, appellant was apparently served with a governor’s
warrant from Illinois regarding an offense that he allegedly committed in the State of
Illinois.


 At the time, appellant was apparently in jail in Galveston County, awaiting
his trial for an unrelated offense that he allegedly committed in Texas. After
appellant refused to sign a waiver of extradition and asserted that he was not the
person named in the governor’s warrant from the State of Illinois, an extradition
hearing was held on July 9, 2004. After the State presented the testimony of
Galveston County Sergeant R. Hill, who testified that appellant’s fingerprints
matched the fingerprints on the print card provided to him by the State, the trial court
orally held that appellant be extradited to the State of Illinois. The trial court also told
appellant that “[i]f you would like to appeal that ruling, you may do so.” On August
5, 2004, the trial court signed an order granting extradition, and appellant filed a
notice of appeal on August 6, 2004. There is no evidence in the record that appellant
filed an application for writ of habeas corpus. 
Analysis
          In a single issue, appellant argues that the trial court erred in granting the
State’s application to extradite him to the State of Illinois because the governor’s
warrant was defective. Specifically, appellant asserts that the governor’s warrant was
defective because “[n]owhere in the affidavit does it fulfill the requirement that
[appellant] must have fled the demanding state.”
          The only vehicle for testing the legality of a governor’s warrant is through the
filing of an application for writ of habeas corpus. Ex parte Chapman, 601 S.W.2d
380, 382-83 (Tex. Crim. App. 1980). Moreover, an appealable judicial determination
occurs only if the arrestee challenges the extradition by way of a writ of habeas
corpus and receives an adverse ruling by the trial court. Id. at 383. If no writ of
habeas corpus is filed, the arrestee is not in the posture of an applicant for habeas
corpus whose prayer for relief has been denied for appellate purposes. Id.
          Here, the record shows that appellant did not file an application for writ of
habeas corpus, and, therefore, such a writ was never denied by the trial court. 
Therefore, because our jurisdiction is limited to consideration of an appeal from the
denial of relief upon application of a writ of habeas corpus, we must dismiss
appellant’s appeal. Id.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).